**Ronald GIBSON, Petitioner-Appellant,**

v.

**Willie J. BLAIR, Respondent-Appellee.**

No. 72–1971

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 26, 1972.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Debra A. Millenson, George M. Strickler, Jr., Elie, Strickler & Dennis, New Orleans, La., for petitioner-appellant.

William G. Guste, Jr., Atty. Gen., Baton Rouge, La., John N. Gallaspy, Bogalusa, La., W. W. Erwin, Dist. Atty., 22nd Judicial District, Franklinton, La., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

■ Appellant, a black resident of Bogalusa, Louisiana, was indicted on September 21, 1970, by a grand jury of Washington Parish, Louisiana, for the crime of simple battery. On January 8, 1971, appellant timely filed in the state court a motion to quash the indictment on the grounds that blacks had been unconstitutionally excluded from the general venire of Washington Parish, from which grand jury members for the Parish are chosen. At the hearing on the motion to quash, as an alternative to an independent hearing, the court incorporated and made a part of the record in the *Gibson* case the transcript of a hearing on an identical motion which had been made and denied one month previously in an entirely separate criminal proceeding, State of Louisiana v. Bruce Kilbourne, No. 23,118, Twenty-Second Judicial District of the State of Louisiana, affirmed 1972, 260 La. 569, 256 So. 2d 630. Appellant's motion to quash his indictment was denied, and the trial proceeded to conviction and sentence to six months confinement. The Supreme Court of Louisiana on direct appeal affirmed the conviction. State v. Gibson, 1971, 258 La. 911, 248 So.2d 334. Since the issues presented to the trial court and to the Supreme Court of Louisiana on direct appeal are identical to the contentions presented by appellant in his application to the district court below for collateral post-conviction relief, appellant has exhausted his state remedies and is eligible to apply for federal habeas corpus, Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

At the *Kilbourne* hearing, incorporated into the record in the *Gibson* case, preliminary testimony indicated that blacks constituted approximately 29% of the population of Washington Parish. Mr. Dewaine Seal, Clerk of the Court for Washington Parish and an ex-officio parish jury commissioner, testified that no single general venire list existed for Washington Parish. Rather, according to Mr. Seal, the jury venire consisted of names written on cards and placed in a box; cards would then be drawn at random for grand and petit juries, and the box would be replenished from time to time with additional cards inserted by Mr. Seal or the other jury commissioners. Further testimony by Mr. Seal revealed that to ascertain the racial composition of the Washington Parish general venire, it would be necessary not only to know the race of those individuals who had actually served on grand and petit juries, but also to know the race of those persons added to the box by individual commissioners. The state trial judge in *Kilbourne* refused to permit extended questioning of Mr. Seal concerning the racial composition of the general venire, and also refused to permit the other jury commissioners to be called for the same purpose. Further, the trial judge took the position that only evidence which demonstrated an affirmative intent intentionally to exclude blacks from the venire would be relevant to allegations of jury discrimination. Two jury commissioners and Mr. Seal all testified that they had made no effort intentionally to exclude blacks from the Washington Parish venire. As indicated it was on the basis of the *Kilbourne* transcript and ruling that the state court denied Gibson's motion to quash.

Following the Louisiana Supreme Court's denial of his appeal, appellant Gibson filed his habeas corpus petition in the lower court. That court denied the petition without a hearing, holding both that appellant had not established a case of prima facie discrimination in jury selection and that the trial court

could have found the state's evidence sufficient to rebut any presumption which appellant had raised.

A state court conviction cannot stand if it is based on an indictment of a grand jury or the verdict of a petit jury from which black persons were excluded because of their race. Alexander v. Louisiana, 1972, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536; Whitus v. Georgia, 1967, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599; Eubanks v. Louisiana, 1958, 356 U.S. 584, 78 S.Ct. 970, 2 L. Ed.2d 991; Avery v. Georgia, 1953, 345 U.S. 559, 73 S.Ct. 891, 97 L.Ed. 1244; Smith v. Texas, 1940, 311 U.S. 128, 61 S.Ct. 164, 85 L.Ed. 84; Strauder v. West Virginia, 1880, 100 U.S. 303, 25 L. Ed. 664. While the party alleging systematic exclusion bears the initial burden of establishing a prima facie case of discriminatory jury selection, a prima facie case is established when it is demonstrated that a significant disparity exists between the percentage of blacks chosen for jury duty and the percentage of blacks eligible for jury duty in the population from which jurors are drawn. Hernandez v. Texas, 1954, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 886; Patton v. Mississippi, 1947, 332 U.S. 463, 68 S.Ct. 184, 92 L.Ed. 76. Further, neither proof of complete exclusion of blacks from the jury rolls, Whitus v. Georgia, supra, nor proof of specific acts of discrimination, Avery v. Georgia, supra, is required to establish a prima facie case of jury discrimination. This Court has repeatedly held that "long continuing" and "decided variations" between the racial proportions on jury lists and the racial proportions in the population shift the burden to the state to furnish a constitutionally acceptable explanation for such disparities. Labat v. Bennett, 5 Cir. 1966, 365 F.2d 698, cert. denied

1966, 386 U.S. 991, 87 S.Ct. 1303, 18 L. Ed.2d 334; Davis v. Davis, 5 Cir. 1966, 361 F.2d 770; Scott v. Walker, 5 Cir. 1966, 358 F.2d 561; United States ex rel. Seals v. Wiman, 5 Cir. 1962, 304 F. 2d 53, cert. denied 1963, 372 U.S. 924, 83 S.Ct. 741, 9 L.Ed.2d 729.

Appellant, in presenting his motion to quash, and Kilbourne in attempting proof of his motion to quash, sought to establish discriminatory jury exclusion by demonstrating through the use of direct testimony a significant discrepancy between the percentage of blacks in the general population and the percentage of blacks appearing on the general venire.[1] The state trial court, however, denied appellant the opportunity to present evidence in support of his substantial constitutional claim. The state court did so under the erroneous assumption that evidence of *intentional* discrimination in jury selection is required to support a claim of racially unconstitutional jury composition. Avery v. Georgia, supra. Under this assumption, the state court cut short appellant's offer of evidence. While great latitude is ordinarily given to state courts in the selection of their procedures and decisions on evidentiary questions, state court decisions on procedural matters affecting the adjudication of substantial federal constitutional claims are in no way binding on the federal courts. Henry v. Mississippi, 1965, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408. We find on this record that the state court failed to afford appellant a full and fair evidentiary hearing. Hence a federal evidentiary hearing was mandated. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.[2] On remand, the district court is directed to afford such a hearing.

Reversed and remanded.

---

1. We note in passing that appellant in this case may be able to establish his claim of jury discrimination through the use of less cumbersome and time-consuming methods, such as the application of modern statistical sampling techniques, see Whitus v. Georgia, supra. See also, Finkelstein, The Application of Statistical Decision Theory to the Jury Discrimination Cases, 80 Harv.L.Rev. 338 (1966).

2. On this record, however, appellant has yet to establish racial discrimination in the general venire of Washington Parish, and we intimate no views on that question.